# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MICHAEL S. | : | |
| v. | : | NO. 23-CV-4274  SWR |
| MARTIN O'MALLEY, Commissioner of Social Security | : | |

# O P I N I O N

SCOTT W. REID  
UNITED STATES MAGISTRATE JUDGE  
DATE:  July 31, 2024

  Michael S. brought this action under 42 U.S.C. §405(g) to obtain review of the decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB").  He has filed a Request for Review to which the Commissioner has responded.  As explained below, I conclude that the Request for Review should be denied and judgment entered in favor of the Commissioner.

I.  *Factual and Procedural Background*

  Michael S. was born on February 5, 1965.  Record at 152.  He obtained a GED.  Record at 17.  He worked in the past as assistant manager in an auto supplies store, and as a truck driver.  Record at 171, 521.  On September 27, 2017, Michael S. filed an application for DIB.  Record at 152.  In it, he asserted disability beginning on May 19, 2016, as a result of a back injury caused by a work-related fall on that day.  Record at 152, 170, 448.

  Michael S.'s application was denied on December 28, 2017.  Record at 68.  He obtained a hearing *de novo* before an Administrative Law Judge ("ALJ"), but the ALJ decided against him in a decision dated May 24, 2018.  Record at 7.  The Appeals Council denied Michael S.'s

request for review on March 2, 2020, permitting the ALJ's decision to serve as the final decision of the Commissioner.  Record at 1.

On July 10, 2020, however, Michael S. filed an action in this Court, appealing his denial of benefits.  [*Michael S.*] *v. Saul*, 20-CV-3507 at ECF Doc. 2.  He pointed out that the ALJ called the report of his treating pain management physician Jed Shapiro M.D. "persuasive," and wrote that it was "largely consistent with and supported by the medical record and the subjective statements."  [*Michael S.*] *v. Saul*, 20-CV-3507 at ECF Doc. 20; and Record at 15.  Yet, the ALJ did not include in her RFC assessments the limitations Dr. Shapiro imposed.  These limitations included the avoidance of prolonged sitting or standing, the avoidance of frequent bending, pulling, or pushing, and a lifting restriction of ten pounds.  Record at 454.  Instead, the ALJ, found that Michael S. could engage in a limited range of light work, which requires lifting 20 pounds occasionally, and can require considerable standing and walking.  Record at 13; 20 C.F.R. §404.1567(b).

The ALJ also relied on the findings of agency reviewing physician Wadicar Nugent, M.D.  Record at 15.  This, however, was consistent with the RFC assessment, as Dr. Nugent found that Michael S. could stand and walk for a total of six hours per day, and also sit for six hours per day.  *Id*.

After Michael S. filed his brief in the 2020 case, the Commissioner filed an uncontested Motion to Remand, conceding that there were flaws in the ALJ's decision.  [*Michael S.*] *v. Saul*, 23-CV-4274 at ECF Doc. 21.  The motion was granted on September 16, 2021, and the matter was remanded to the Agency.  [*Michael S.*] *v. Saul*, 23-CV-4274 at ECF Doc. 22.

In its order following remand of the case from the District Court, the Appeals Council identified as issues the ALJ's inconsistency in (a) calling Dr. Shapiro's findings "persuasive" and yet failing to adopt them with no explanation; and (b) finding "persuasive" *both* Dr. Shapiro's findings, which precluded work, and those of Dr. Nugent, who found Michael S. could perform a reduced range of light work.  Record at 548-9.  It remanded the matter to the ALJ to "give further consideration" to the medical source opinions, prior administrative medical findings, and to provide a rationale for her RFC assessment "with specific references to evidence of record in support of the assessed limitations," obtaining further vocational expert testimony if warranted.  Record at 549.

A second hearing was held on May 25, 2023.  Record at 495.  The ALJ issued a second written decision on July 6, 2023, once again concluding that Michael S. was not disabled during the time periods under consideration, one period of which ran through September 30, 2017, and a second period of which was established between October 1 and December 31, 2022, due to substantial gainful employment in the excluded months.  Record at 476, 489.  Michael S. filed, but then withdrew, exceptions to the ALJ's decision.  Record at 470.  The Appeals Council did not take jurisdiction of the case.  Accordingly, the opinion of the ALJ became the final decision of the Commissioner under 20 C.F.R. §404.984(d), which pertains to cases which have been remanded to the agency by a United States District Court.  Michael S. then filed the present case.

II.     *Legal Standards*

The role of this court on judicial review is to determine whether the Commissioner's decision is supported by substantial evidence. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389 (1971); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985). Substantial evidence is relevant evidence which a reasonable mind might deem adequate to support a decision. *Richardson v. Perales*, *supra*, at 401. A reviewing court must also ensure that the ALJ applied the proper legal standards. *Coria v. Heckler*, 750 F.2d 245 (3d Cir. 1984); *Palmisano v. Saul*, Civ. A. No. 20-1628605, 2021 WL 162805 at *3 (E.D. Pa. Apr. 27, 2021).

To prove disability, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him from engaging in any 'substantial gainful activity' for a statutory twelve-month period." 42 U.S.C. §423(d)(1). As explained in the following agency regulation, each case is evaluated by the Commissioner according to a five-step process:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in §404.1590, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

20 C.F.R. §404.1520(4) (references to other regulations omitted).

Before going from the third to the fourth step, the Commissioner will assess a claimant's residual functional capacity ("RFC") based on all the relevant medical and other evidence in the case record. *Id*. The RFC assessment reflects the most an individual can still do, despite any limitations. SSR 96-8p.

       The final two steps of the sequential evaluation then follow:

       (iv)  At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work.  If you can still do your past relevant work, we will find that you are not disabled.  (v)  At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work.  If you can make the adjustment to other work, we will find that you are not disabled.  If you cannot make an adjustment to other work, we will find that you are disabled.

*Id*.

III.    *The ALJ's Decision and the Claimant's Request for Review*

       In her July 6, 2023, decision, the ALJ found that Michael S. suffered from the severe impairment of degenerative disc disease of the lumbar spine.  Record at 479.  She determined that neither this impairment, nor a combination of this and any non-severe impairments, met or medically equaled the severity of one of the listed impairments set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Record at 480.

       The ALJ found that Michael S. retained the RFC to engage in light work, with only frequent (as opposed to constant) balancing, kneeling, crouching, and crawling; occasional stooping and climbing; and no concentrated exposure to hazards.  Record at 480.  She relied again upon Dr. Nugent, but this time called Dr. Shapiro's opinions "minimally persuasive."  Record at 483-4, 486.

       Relying on the testimony of a vocational expert who appeared at the hearing, the ALJ found that Michael S. could return to his prior work as an assistant manager in a retail store, at the exertional level at which the job is generally performed.  Record at 486-7.  Alternatively, at the fifth step of the sequential evaluation, he could work in such jobs as a hand packager, mail clerk, or office helper.  Record at 488.  Accordingly, the ALJ found that Michael S. was not disabled during the relevant periods.  Record at 489-490.

5

Michael S. argues that the ALJ did not comply with the Appeals Council's remand order. He maintains that the ALJ "was bound by her prior finding that the opinions of Dr. Shapiro are persuasive." *Plaintiffs Statement of Issues and Brief in Support of Request for Review* at 5.

IV.   *Discussion*

    A.   *The ALJ Was Not Compelled to Credit Dr. Shapiro's Findings*

Clearly, there is no merit to Michael S.'s argument that the ALJ was "bound by" her statement in the 2018 decision that Dr. Shapiro's opinions were persuasive. The Appeals Council did not – as Michael S. would have it – direct the ALJ to issue a new RFC assessment adopting Dr. Shapiro's findings. Instead, the matter was remanded so that the ALJ could resolve the inconsistencies in her 2018 decision. Logically, they could be resolved either by accepting the limitations imposed by Dr. Shapiro, or by rejecting them in favor of Dr. Nugent's findings. The ALJ chose the latter course, as she was entitled to do. To the extent that her decision is now consistent, adequately explained, and supported by substantial evidence, there is no basis for further court action.

    B.   *The ALJ's Decision is Supported by Substantial Evidence*

In his Request for Review, Michael S. has not argued that the ALJ's decision was unsupported by substantial evidence, or inadequately explained. Therefore, no further discussion is required. Nevertheless, it is worth noting that the ALJ explained her evaluation of the opinion evidence in detail.

As to Dr. Nugent, the ALJ wrote:

> On December 21, 2017, state agency medical consultant Wadicar Nugent, M.D., reviewed the claimant's file, and found that through September 30, 2017, the claimant could perform light work, with frequent balancing, kneeling, and crawling, as well as occasional climbing of ramps, stairs, ladders, ropes, and scaffolds, and occasional stooping. The consultant found that the claimant needed to avoid concentrated exposure to hazards. This opinion is persuasive, as it is consistent with and supportable by the

>overall evidence of record, including the claimant's relatively conservative treatment for his pain complaints; and his documentation with examination abnormalities, as detailed above, yet frequent notations of a normal gait with no observed deviations, no significant postural deviations, negative straight leg raise testing, no distress, no ecchymosis or edema, normal dorsalis pulses, normal deep tendon reflexes, and full strength of the lower extremities. In addition, it is consistent with and supportable by the claimant's lumbar imaging study, which documents central canal stenosis, but no definitive cord compression or compromise of the exiting nerve root(s).

Record at 484. (Internal citations omitted).

The ALJ's explanation of her rejection of Dr. Shapiro's opinions relied upon the same summary of the medical evidence. Record at 486. The ALJ also noted that Dr. Shapiro's limitations regarding "prolonged" sitting and standing were vague, and did not "correlate with a particular level of restriction in terms relevant to the disability evaluation." *Id*.[1]

Also relevant to the ALJ's decision was her summary of Michael S.'s testimony at his first hearing. Michael S. testified that he drove to the hearing, although he claimed to have problems driving, and said that he was able to drive to the grocery store or to visit a friend once or twice a week. Record at 30-31, 34. He took no pain medication but occasional ibuprofen. Record at 32-3. He was able to do light housework such as dusting, and to cook meals such as burgers, steaks, and pasta four times per week. Record at 35-6. He could mow the lawn with a push-mower, or run a weed-whacker, although not in the same day. Record at 42. The ALJ noted all of this. Record at 483.

As the foregoing demonstrates, substantial evidence supported the ALJ's decision that Michael S. was not disabled. It also shows that the ALJ adequately explained the basis for her findings. Therefore, there are no grounds upon which this Court could disturb her decision.

---

[1] Michael S. writes that Dr. Shapiro "determined" that, because of his pain, he could sit or stand for only 45 minutes, and walk for 15 minutes. He cites a May 6, 2017, treatment note appearing at page 448 of the record. However, these were not determinations made by Dr. Shapiro, but rather notes of Michael S.'s own statements. Nor are these estimates useful in determining whether Michael S. could perform light work, since they do not offer an opinion as to how much he could sit, stand, or walk cumulatively in an 8-hour workday.

V.	*Conclusion*

In accordance with the above discussion, I conclude that the Plaintiff's Request for Review should be denied, and judgment entered in favor of the Commissioner.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE